ROBERT J. BROWN, ESQ. (RB-9131)
DAVID H. FROMM, ESQ. (DH-9334)
FRANK J. RUBINO, JR., ESQ. (FR-6202)
BROWN GAVALAS & FROMM LLP
Attorneys for Plaintiff
NEW YORK MARINE AND
GENERAL INSURANCE COMPANY
355 Lexington Avenue, 9th Floor
New York, New York 10017
(212) 983-8500

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

NEW YORK MARINE AND GENERAL
INSURANCE COMPANY,

                  Plaintiff,

v.

AL QAIDA A/K/A AL QAEDA;
EGYPTIAN ISLAMIC JIHAD; ASBAT AL-ANSAR;
AL GAMA'A AL-ISLAMIYYA A/K/A ISLAMIC
GAMA'AT; SALAFIST GROUP FOR CALL AND
COMBAT; LASHKAR-E-JANGHVI;
LASHKAR-E-TAYYIBA; JEMAAH ISLAMIYA
ORGANIZATION; HEZBOLLAH A/K/A
HIZBALLAD; ABU SAYEF GROUP;ALGERIAN
ARMED ISLAMIC GROUP A/K/A GIA; HAMAS;
PALESTINE ISLAMIC JIHAD;

THE ISLAMIC REPUBLIC OF IRAN; REPUBLIC OF
IRAQ; THE REPUBLIC OF SUDAN; SYRIAN ARAB
REPUBLIC; KINGDOM OF SAUDI ARABIA;

OSAMA BIN LADEN; SAYF AL-ADL A/K/A SAIF
AL-ADEL; SHAYKH SA'ID A/K/A MUSTAFA
MUHAMMAD AHMAD; ABU HAFS THE
MAURITANIAN A/K/A MAHFOUZ OULD AL-
WALID A/K/A KHALID AL-SHANQITI; IBN AL-
SHAYKH AL-LIBI; ABU ZUBAYDAH

**CIVIL ACTION NO.
04 cv 6105 (SHS)**

**COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF CASE**

A/K/A ZAYN AL ABIDIN MUHAMMAD HUSAYN
TARIQ; ABD AL-HADI AL-IRAQI A/K/A ABU
ABDULLAH; AYMAN AL ZAWAHIRI; THIRWAT
SALAH SHIHATA A/K/A MUHAMMAD ALI;
MUHAMMAD SALAH A/K/A NASR FAHMI NASR
HASANAYN; MAKHTAB AL-KHIDAMAT A/K/A
AL-KHIFAF; AL-ITIHAAD AL ISLAMIYA (AIAI);
ISLAMIC ARMY OF ADEN; WAFA
HUMANITARIAN ORGANIZATION;
AL-RASHID TRUST; MAMOUN DARKAZANLI
IMPORT-EXPORT COMPANY; NURJAMAN
RIDUAN ISMUDDIN A/K/A HAMBALI;
MOHAMMED IQBAL ABDURRAHMAN A/K/A/
ABU JIBRIL; BENEVOLENCE INTERNATIONAL
FOUNDATION F/K/A LAJNATT AL-BIRR AL-
ISLAMIAH; BENEVOLENCE INTERNATIONAL
FUND; BOSANSKA IDEALNA FUTURA; GLOBAL
RELIEF FOUNDATION A/K/A FOUNDATION
SECOURS MONDIAL; MOUNIR EL
MOTASSADEQ; RAMZI BINALSHIBH;
ZAKARYA ESSABAR; SAID BAHAJI;
TURKISTAN ISLAMIC MOVEMENT; WA'EL
HAMZA JULAIDAN A/K/A AL-HASAN AL
MADANI; ADEL BEN SOLTANE; NABIL
BENATTIA; YASSINE CHEKKOURI; RIADH
JELASSI; MENDI KAMMOUN; SAMIR KISHK;
TAREK BEN HABIB MAAROUFI; ABDEL HALIM
REMADNA HASED; MANSOUR THAER; LAZHAR
BEN MOHAMMED TLILI; HABIB WADDANI;
AKIDA BANK PRIVATE LIMITED; AKIDA
INVESTMENT CO. LTD.; NASREDDIN GROUP
INTERNATIONAL HOLDING LTD.; NASCO
NASREDDIN HOLDING A.S.; NASCOTEX S.A.;
NASREDDIN FOUNDATION; BA TAQWA FOR
COMMERCE AND REAL ESTATE COMPANY
LTD.; MIGA MALAYSIAN SWISS, GULF AND
AFRICAN CHAMBER; GULF CENTER S.R.L.;
NASCOSERVICE S.R.L.; NASCO BUSINESS
RESIDENCE CENTER SAS DI NASREDDIN
AHMED IDRIS EC; NASREDDIN COMPANY
NASCO SAS DI AHMED IDRIS NASSNEDDIN EC;
NADA INTERNATIONAL ANSTALT;
NASREDDIN INTERNATIONAL GROUP LIMITED
HOLDING; THE AID ORGANIZATION OF THE
ULEMA; AHMED IDRIS NASREDDIN; YOUSSEF
NADA; ABDELKADIR MAHMOUD ES SAYED;

KHALID AL-FAWAZ; ABU HAMZA AL MASRI;
MOHAMED BEN BELGACEM AOUADI;
MOKHTAR BOUGHOUGHA; TAREK CHARAABI;
SAMI BEN KHEMAIS ESSID; LASED BEN HENI;
SOMALIA BRANCH OF THE AL-HARAMAIN
ISLAMIC FOUNDATION; BOSNIA-HERZEGOVINA
BRANCH OF AL HARAMAIN ISLAMIC
FOUNDATION; UMMA TAMEER-E-NAU (UTN);
BASHIR-UD-DIN MAHMOOD; ABDUL MAJEED;
S.M. TUFAIL; AL-BARAKAAT; AL TAQWA/NADA
GROUP;
AL BARAKA EXCHANGE LLC; AL BARAKAAT
BANK; AL-BARAKAT BANK OF SOMALIA (BSS);
AL-BARAKAT FINANCE GROUP; AL-BARAKAT
FINANCIAL HOLDING CO.; AL-BARAKAT
GLOBAL TELECOMMUNICATIONS; AL-
BARAKAT GROUP OF COMPANIES SOMALIA
LIMITED;
AL-BARAKAT INTERNATIONAL A/K/A BARACO
CO.; AL-BARAKAT INVESTMENTS;
AL-BARAKAT WIRING SERVICE; AL TAQWA
TRADE, PROPERTY AND INDUSTRY COMPANY
LIMITED; ASAT TRUST; BANK AL TAQWA
LIMITED; BARAKA TRADING COMPANY;
BARAKAAT BOSTON; BARAKAAT
CONSTRUCTION COMPANY;
BARAKAAT GROUP OF COMPANIES; BARAKAAT
INTERNATIONAL; BARAKAAT INTERNATIONAL
FOUNDATION;
BARAKAAT INTERNATIONAL, INC.;
BARAKAAT NORTH AMERICA, INC.;
BARAKAAT RED SEA TELECOMMUNICATIONS;
BARAKAAT TELECOMMUNICATIONS CO.
SOMALIA, LTD.; BARAKAT BANK AND
REMITTANCES;
BARAKAT COMPUTER CONSULTING (BCC);
BARAKAT CONSULTING GROUP (BCG);
BARAKAT GLOBAL TELEPHONE COMPANY;
BARAKAT INTERNATIONAL COMPANIES (BICO);
BARAKAT POST EXPRESS (BPE);
BARAKAT REFRESHMENT COMPANY;
BARAKAT WIRE TRANSFER COMPANY;
BARAKAT TELECOMMUNICATIONS COMPANY
LIMITED (BTELCO); BARAKO TRADING
COMPANY, LLC; HEYATUL ULYA; NADA
MANAGEMENT ORGANIZATION; PARKA

TRADING COMPANY; RED SEA BARAKAT
COMPANY LIMITED; SOMALIA INTERNATIONAL
RELIEF ORGANIZATION; SOMALIA INTERNET
COMPANY; SOMALIA NETWORK AB; YOUSSEF
M. NADA & CO. GESELLSCHAFT MBH; YOUSSEF
M. NADA;
HUSSEIN MAHMUD ABDULLKADIR; ABBAS
ABDI ALI; ABDI ADULAZIZ ALI; YUSAF AHMED
ALI; DAHIR UBEIDULLAHI AWEYS; HASSAN
DAHIR AWEYS; ALI GHALEB HIMMAT; ALBERT
FREDRICH ARMAND HUBER; AHMED NUR ALI
JIM'ALE; ABDULLAHI HUSSEIN KAHIE;
MOHAMMED MANSOUR; ZEINAB MANSOUR-
FATTAH A/K/A ZEINAB MANSOUR-FATTOUH;
ABDULLAH AHMED ABDULLAH A/K/A ABU
MARIAM A/K/A ABU MOHAMED AL-MASRI
A/K/A SALEH; HAJI ABDUL MANAN AGHA A/K/A
ABD AL-MAN'AM SAIYID; AL-HAMATI SWEETS
BAKERIES; MUHAMMAD AL-HAMATI A/K/A
MOHAMMAD HAMDI SADIQ AL-AHDAL A/K/A
ABU ASIM AL MAKKI; AMIN AL-HAQ A/K/A DR.
AMIN AH HAQ A/K/A MUHAMMAD AMIN A/K/A
DR. AMIN UL-HAQ; SAQAR AL-SADAWI; AHMAD
SA'ID AL-KADR A/K/A ABU ABD AL RAHMAN
AL-KANADI; ANAS AL-LIBY A/K/A ANAS AL-
LIBI A/K/A NAZIM AL-RAGHIE A/K/A NAZIH
ABDUL HAMED AL-RAGHIE A/K/A ANAS AL-
SABAI; AHMAD IBRAHIM AL MUGHASSIL A/K/A
ABU OMRAN A/K/A AHMED IBRAHIM AL-
MUGHASSIL; ABDELKARIM HUSSEIN
MOHAMED AL-NASSER; AL-NUR HONEY PRESS
SHOPS A/K/A AL-NUR HONEY CENTER; YASIN
AL-QADI A/K/A SHAYKH YASSIN ABDULLAH
KADI A/K/A YASIN KAHDI; SA'D AL-SHARIF; AL-
SHIFA' HONEY PRESS FOR INDUSTRY AND
COMMERCE; IBRAHIM SALIH MOHAMMED AL-
YACOUB; AHMED MOHAMMED HAMED ALI
A/K/A AHMED MOHAMMED ABDUREHMAN
A/K/A ABU FATIMA A/K/A ABU ISLAM A/K/A
ABU KHADIIJAH A/K/A AHMED HAMED A/K/A
AHMED THE EGYPTIAN A/K/A AHMED AHMED
A/K/A AHAMAD AL-MASRI A/K/A ABU ISLAM
AL-SURIR A/K/A AHMED MOHAMMED ALI A/K/A
HAMED ALI A/K/A AHMED HEMED A/K/A
AHMED SHIEB A/K/A SHUAIB; ALI ATWA A/K/A
AMMAR MANSOUR BOUSLIM A/K/A HASSAN

ROSTOM SALIM; MUHSIN MUSA MATWALLI
ATWAH A/K/A ABDEL RAHMAN A/K/A ABDUL
RAHMAN A/K/A ABDUL RAHMAN AL-MUHAJIR
A/K/A MOHAMMED K.A. AL-NAMER; BILAL BIN
MARWAN; AYADI CHAFIQ BIN MUHAMMAD
A/K/A BEN MUHAMMAD AIADI A/K/A BEN
MUHAMMAD AIADY A/K/A BEN MUHAMMAD
AYADI CHAFIK A/K/A BEN MUHAMMAD AYADI
SHAFIQ; MAMOUN DARKAZANLI; ALI SAED BIN
ALI EL HOORIE A/K/A ALI SAED BIN ALI AL-
HOURI A/K/A ALI SAED BIN ALI EL-HOURI;
MUSTAFA MOHAMED FADHIL A/K/A ABD AL
WAKIL AL MASRI A/K/A ABU AL-NUBI A/K/A
HASSAN ALI A/K/A ABU ANIS A/K/A MOUSTAFA
ALI ELBISHY A/K/A MUSTAFA MUHAMAD
FADIL A/K/A MUSTAFA FAZUL A/K/A HUSSEIN
A/K/A ABU JIHAD A/K/A KHALID A/K/A NU MAN
A/K/A MUSTAFA MOHAMMED A/K/A ABU
YUSSRR; AHMED KHALFAN GHAILANI A/K/A
AHMED THE TANZANIAN A/K/A FOOPIE A/K/A
FUPI A/K/A ABU BAKR AHMAD A/K/A A. AHMED
A/K/A ABUBAKAR AHRMED A/K/A ABUBAKAR
K. AHMED A/K/A ABUBAKAR KHALFAN AHMED
A/K/A ABUBAKARY K. AHMED A/K/A AHMED
KHALFAN AHMED A/K/A AHMAD AL TANZANI
A/K/A AHMED KHALFAN ALI A/K/A ABU BAKR
A/K/A ABUBAKARY KHALFAN AHMED
GHAILANI A/K/A AMMED GHAILANI A/K/A
AHMAD KHALAFAN GHILANI A/K/A
MAHAFUDH ABUBAKAR AHMED ABDALLAH
HUSSEIN A/K/A ABU KHABAR A/K/A AHMED
KHALFAN A/K/A SHARIFF OMAR MOHAMMED;
RIAD HIJAZI A/K/A ABU-AHMAD AL-AMRIKI
A/K/A ABU-AHMAD AL-HAWEN A/K/A RASHID
AL-MAGHRIBI A/K/A ABU-AHMAD AL-SHAHID
A/K/A M RAED HIJAZI; HASAN IZZ-AL-DIN A/K/A
AHMED GARBAYA A/K/A SA-ID A/K/A SAMIR
SALWWAN; JAISH-I-MOHAMMED A/K/A ARMY
OF MOHAMMED A/K/A TEHRIK-AL-FURQAN;
JAM'YAH TA'AWUN AL-ISLAMIA A/K/A
JAM'IYAT AL TA'AWUN AL ISLAMIYYA A/K/A
JIT A/K/A SOCIETY OF ISLAMIC COOPERATION;
MUFTI RASHID AHMAD LADEHYANOY A/K/A
MUFTI RASHEED AHMA A/K/A MUFTI RASHID
AHMAD LUDHIANVI A/K/A MUFTI RASHID
AHMAD WADEHYANOY; FAZUL ABDULLAH

MOHAMMED A/K/A FAZUL ABDALLA A/K/A
FAZUL ADBALLAH A/K/A ABU AISHA A/K/A
ABU SEIF AL SUDANI A/K/A FADEL ABDALLAH
MOHAMMED ALI A/K/A ABDALLA FAZUL A/K/A
ABDALLAH FAZUL A/K/A ABDALLAH
MOHAMMED FAZUL A/K/A HAROON FAZUL
A/K/A HARUN FAZUL A/K/A HAROON A/K/A
FADHIL HAROUN A/K/A HARUN A/K/A ABU
LUQMAN A/K/A FAZUL MOHAMMED A/K/A
FAZUL ABDILAHI MOHAMMED A/K/A FOUAD
MOHAMMED A/K/A FADIL ABDALLAH
MUHAMAD; KHALID SHAIKH MOHAMMED
A/K/A SALEM ALI A/K/A FAHD BIN ABDALLAH
BIN KHALID A/K/A ASHRAF REFAAT NABITH
HENIN A/K/A KHALID ADBUL WADOOD; FAHID
MOHAMMED ALLY MSALAM A/K/A USAMA AL-
KINI A/K/A FAHID MOHAMMED ALLY A/K/A
FAHAD ALLY MSALAM A/K/A FAHID
MOHAMMED ALI MSALAM A/K/A MOHAMMED
ALLY MSALAM A/K/A FAHID MOHAMMED ALI
MUSALAAM A/K/A FAHID MUHAMAD ALI
SALEM; RABITA TRUST;
ANSAR AL-ISLAM (AI) A/K/A JUND AL-ISLAM;
YOUSSEF ABDAOUI A/K/A ABU ABDULLAH
A/K/A ABDELLAH A/K/A ABDULLAH;
MOHAMED AMINE AKLI A/K/A SAMIR A/K/A
KALI SAMI A/K/A ELIAS; MEHREZ AMDOUNI
A/K/A FABIO FUSCO A/K/A MOHAMMED
HASSAN A/K/A TUALE ABU; CHIHEB BEN
MOHAMED AYARI A/K/A ABU HOHEM HICHEM;
MONDHER BAAZAOUI A/K/A HAMZA; LIONEL
DUMONT A/K/A BILAL A/K/A HAMZA A/K/A
JACQUES BROUGERE; MOUSSA BEN AMOR
ESSAADI A/K/A DAH DAH A/K/A
ABDELRAHMMAN A/K/A BECHIR; RACHID
FETTAR A/K/A AMINEDEL BELGIO A/K/A
DJAFFAR; BRAHIM BEN HEDILI HAMAMI;
KHALIL JARRAYA A/K/A KHALIL YARRAYA
A/K/A AZIZ BEN NARVAN ABDEL A/K/A AMRO
A/K/A OMAR A/K/A AMROU A/K/A AMR;
MOUNIR BEN HABIB JERRAYA A/K/A
YARRAYA; FAOUZI JENDOUBI A/K/A SAID A/K/A
SAMIR; FETHI BEN REBAI MNASRI A/K/A AMOR
A/K/A OMAR ABU A/K/A FETHI ALIC; NAJIB
OUAZ; AHMED HOSNI RARRBO A/K/A
ABDALLAH A/K/A ABDULLAH;

NEDAL SALEH A/K/A HITEM; ABDELGHANI
MZOUDI; GULBUDDIN HEKMATYAR;
IMAD MUGHNIYEH; MUHAMMAD OMAR A/K/A
MULLAH MUHAMMED OMAR; ISLAMIC
PEACEKEEPING INTERNATIONAL BRIGADE;
SPECIAL PURPOSE ISLAMIC REGIMENT;
RIYADUS-SALIKHIN RECONNISANCE AND
SABOTAGE BATTALION OF CHECHEN
MARTYRS; SHEIKH AHMED SALIM SWEDAN;
TALIBAN; ABD AL-MUSHIN AL-LIBI; AL-
HARAMAIN A/K/A AL-HARAMAIN
FOUNDATION; YAZID SUFAAT; AYMAN AL
ZAWAHIRI; ZELIM KHAN AHMEDOVIC
YANDARBIEU;

PRINCESS HAIFA AL-FAISAL; PRINCE BANDAR
IBN SULTAN; OSAMA BASSNAN; OMAR AL-
BAYOUMI; FAHAD AL THUMAIRY; WORLD
ASSEMBLY OF MUSLIM YOUTH; ABDULLAH
'QASSIM; HASHIM ABDULRAHMAN; JAMAL AL-
BADAWI A/K/A JAMAL AHMED MOHAMMED;
MOHAMMED OMAR AL-HARAZI; WALID AL-
SOUROURI;
FATHA ADBUL RAHMAN; YASSER AL AZZANI;
JAMAL BA KHORSH; AHMAD AL-SHINNI; JAMIL
QASIM SAEED MOHAMMED;
ABU ABDUL RAHMAN AMIN; MOHAMED
BAYAZID; SHEIKH OMAR BAKRI MUHAMMAD;
ABDUL FATTAH ZAMMAR;
GHASOUB AL ABRASH GHALYOUN A/K/A ABU
MUSAB; BENSAYAH BELKACEM; SABIR
LAMAR; WADIH EL-HAGE; WALI KHAN AMIN
SHAH; ZACARIAS MOUSSAOUI;
MAULVI ABDUL KABIR; JALIL SHINWARI;
NOOR JALAL; ABU AGAB; NATIONAL ISLAMIC
FRONT; HASSAN AL-TURABI;
IZZ EL-DIN AL SAYED MOHAMED; LASHKAR
REDAYAN-E-ISLAMI;
AHMAD SALAH A/K/A SALIM; ABDUL RAHMAN
KHALED BIN MAHFOUZ; ABDUL RAHMAN
YASIN; ABDULLAH BIN LADEN;
ADVICE AND REFORMATION COMMITTEE;
AFGHAN SUPPORT COMMITTEE; AL KHALEEJIA
FOR EXPORT PROMOTION AND MARKETING
COMPANY; ENAAM M. ARNANOUT;
INTERNATIONAL ISLAMIC RELIEF

ORGANIZATION; INTERNATIONAL INSTITUTE
OF ISLAMIC THOUGHT; ISLAMIC CULTURAL
INSTITUTE OF MILAN; JAMAL BARZINJI;
KHALED BIN MAHFOUZ; MOHAMMED JAMAL
KHALIFA;
MOHAMMED SALIM BIN MAHFOUZ; MUSLIM
WORLD LEAGUE; NATIONAL COMMERCIAL
BANK; PRINCE NAYEF BIN ABDULAZIZ AL
SAUD; PRINCE SULTAN BIN ABDULAZIZ AL
SAUD; RABIH HADDAD; SAAR FOUNDATION;
SAUDI SUDANESE BANK; AL SHAMAL ISLAMIC
BANK; SHEIKH ABU BDUL AZIZ NAGI; SHEIK
ADIL GALIL BATARGY A/K/A ADEL ABDUL
JALIL BATTERJEE; SULEIMAN ABDEL AZIZ AL
RAJHI; TABA INVESTMENTS; TANZANITE KING;
ULEMA UNION OF AFGHANISTAN;
WADI AL AQIQ; INFOCUS TECH OF MALAYSIA;
AL-SHAYKH AL-IRAQI; AZZAM SERVICE
CENTER; ABU HAJER AL IRAQI; AL-HIJRAH
CONSTRUCTION AND DEVELOPMENT LIMITED;
GUM ARABIC COMPANY LIMITED; AL SHAMAL
FOR INVESTMENT AND DEVELOPMENT; SALEH
ABDULLAH KAMEL; AL BARAKA INVESTMENT
AND DEVELOPMENT;
SAUDI DALLAH AL BARAKA GROUP LLC;
ISLAMIC INVESTMENT COMPANY OF THE
GULF; DAR-AL-MAAL AL ISLAMI; AL-BIR SAUDI
ORGANIZATION; MOHAMMAD S. MOHAMMAD;
TADAMON ISLAMIC BANK;
MUSTASIM ABDEL-RAHIM; NATIONAL FUND
FOR SOCIAL INSURANCE; ABDUL-RAHIM
MOHAMMED HUSSEIN; AL AMN AL-DAKHILI;
AL AMN AL-KHARIJI; ABD AL SAMAD AL-
TA'ISH; MOHAMED SADEEK ODEH; ABDEL
BARRY; DR. MAHDI CHAMRAN SAVEHI;
MOHAMMED SARKAWI;
AL TAWHID; HAJI MOHAMAD AKRAM;
ABDALLAH OMAR; UMAR FARUQ; ABD AL-
RAHIM AL-NASHIRI; TURKI AL FAISAL BIN
ABDULAZIZ AL SAUD A/K/A PRINCE TURKI;
PRINCE ABDULLAH AL FAISAL BIN ABDULAZIZ
AL SAUD A/K/A PRINCE ABDULLAH; PRINCE
SALMAN BIN ABDUL AZIZ AL SAUD A/K/A
PRINCE SALMAN; ZOUAYDI A/K/A MUHAMMED
GALEB KALAJE ZOAAYDI A/K/A ABU TALHA;
MULLAH KAKSHAR; ARAFAT EL-ASAHI;

HAYDAR MOHAMED BIN LADEN; MOHAMMED
BIN ABDULRAHMAN AL ARIEFY; FAISAL
GROUP HOLDING COMPANY; AL FAISALIAH
GROUP;
BASHSH HOSPITAL; MUSHAYT FOR TRADING
ESTABLISHMENT; ABDULLAH BIN ABDUL
MUHSEN AL TURKI A/K/A AL TURKI; SAUDI
HIGH COMMISSION FOR RELIEF TO BOSNIA
A/K/A THE SAUDI HIGH RELIEF COMMISSION;
ABDUL AZIZ BIN IBRAHIM AL IBRAHIM; AL
ANWA USA, INC.; HELP AFRICAN PEOPLE;
IBRAHIM BIN ABDUL AZIZ AL IBRAHIM
FOUNDATION; MERCY INTERNATIONAL RELIEF
AGENCY; ISLAMIC MOVEMENT OF
UZBEKISTAN; SAUDI BIN LADEN GROUP A/K/A
BIN LADEN CORPORATION A/K/A BIN LADEN
INTERNATIONAL; BAKR M. BIN LADEN; SALEH
GAZAZ; MOHAMMED BAHARETH; ABDULLAH
BIN SAID; MOHAMMED NUR RAHMI; TAREK M.
BIN LADEN; OMAR M. BIN LADEN; MOHAMMED
BIN LADEN ORGANIZATION; YESLAM M. BIN
LADEN; GLOBAL DIAMOND RESOURCES, INC.;
HUMAN CONCERN INTERNATIONAL; TALAL
MOHAMMED BADKOOK; DR. MOHAMAN ALI
ELGARI; NEW DIAMOND HOLDINGS; M.M.
BADKOOK COMPANY FOR CATERING &
TRADING; AL-MUSTAQBAL GROUP; NATIONAL
MANAGEMENT CONSULTANCY CENTER; AL-
RAJHI BANKING & INVESTMENT
CORPORATION; SALEH ABDULAZIZ AL-RAJHI;
ABDULLAH SULAIMAN AL-RAJHI; KHALID
SULAIMAN AL-RAJHI; AL-WATANIA POULTRY;
MAR JAC POULTRY, INC.; MAR-JAC
INVESTMENTS, INC.; PIEDMONT POULTRY;
SNCB CORPORATE FINANCE LIMITED; SNCB
SECURITIES LIMITED IN LONDON; SNCB
SECURITIES LIMITED IN NEW YORK; SAUDI
ECONOMIC AND DEVELOPMENT COMPANY;
ZAKAT COMMITTEE; RED CRESCENT SAUDI
COMMITTEE; BLESSED RELIEF FOUNDATION;
ABDULKARIM KHALED UUSUF ABDULLA;
ABDULRAHMAN BIN KHALID BIN MAHFOUZ;
MOHAMED HISHAM BIN HAIRI; HEZB-E-ISLAMI;
SAIF AL ISLAM EL MASRY; SYED SULEMAN
AHMER; MAZIN M.H. BAHARETH; SHAHIR
ABDULRAOOF BATTERJEE; ZAHIR H. KAZMI;

MUZAFFAR KHAN; SOLIMAN J. KHUDEIRA;
JAMAL NYRABEH; AHMAD AJAJ; SUCCESS
FOUNDATION; ABDULRAHMAN ALAMOUDI;
AMERICAN MUSLIM FOUNDATION; MOHAMED
OMEISH; DR. ADNAN BASHA;
MAHMOUD JABALLAH; MORO ISLAMIC
LIBERATION FRONT; MOHAMMED KHATIB;
SAUDI JOINT RELIEF COMMITTEE; TAIBAH
INTERNATIONAL AID ASSOCIATION;
ISLAMIC AFRICAN RELIEF AGENCY; TARIK
HAMDI; FAZEH AHED; SANABIL AL-KHAIR;
SANA-BELL, INC.; SANABEL AL-KHEER, INC.;
KHALED NOURI; ABDULLAH M. AL-MAHDI;
TAREQ M. AL-SWAIDAN; ABDUL AL-MOSLAH;
SALAH BADAHDH; HASSAN A.A. BAHFZALLAH;
M. YAQUB MIRZA;
IHAB ALI; SAMIR SALAH; IBRAHIM
HASSABELLA; HISHAM AL-TALIB; ABU
SULAYMAN; AHMED TOTONJI; IQBAL YUNUS;
M. OMAR ASHRAF A/K/A MUHAMMAD ASHRAF;
MOHAMMED JAGHLIT; SHERIF CEDKY;
AFRICAN MUSLIM AGENCY; ARADI, INC.;
GROVE CORPORATE, INC.; HERITAGE
EDUCATION TRUST; MENA CORPORATION;
RESTON INVESTMENTS, INC.; SAFA TRUST;
STERLING CHARITABLE GIFT FUND; STERLING
MANAGEMENT GROUP; YORK FOUNDATION;
NATIONAL DEVELOPMENT BANK; DALLAH
AVCO TRANS ARABIA CO. LTD.; MASJED AL
MADINAH AL MUNAWARAH A/K/A MASJID AL
MADINAH AL MUNAWARAH; AL-AQSA ISLAMIC
BANK; AQEEL ABDULAZIZ AL AQEEL;
MANSOURI AL-KADI; SOLIMAN H.S. AL-BUTHE;
PEROUZ SEDA GHATY A/K/A PIROUZ SEDA
GHATY A/K/A PETE SEDA; AHMED IBRAHIM AL
NAJJAR; ADEL MUHAMMAD SADIQ BIN KAZEM;
SAUDI AMERICAN BANK; ABDULAZIZ BIN
HAMAD A/K/A ABDULAZIZ BIN HAMAD AL
GOSAIBI; DR. KHALIL A. KORDI; RASHID M. AL
ROMAIZAN; SAUDI CEMENT COMPANY;
OMAR SULAIMAN AL-RAJHI; ARAB CEMENT
COMPANY; MOHAMMED CHEHADE; HAZEM
RAGAB; MOHAMMED ALCHURBAJI; MUSTAFA
AL-KADIR; ABU AL-MAID; SULAIMAN AL-ALI;
ABDULLAH BIN SALEH AL-OBAID; TAHA JABER
AL-ALWANI;

IBRAHIM S. ABDULLAH; MOHAMMAD BIN
FARIS; DR. MAHMOUD DAKHIL; DR. ABDUL
RAHMAN AL SWAILEM; DELTA OIL COMPANY,
LTD.; ARAB BANK, PLC; DUBAI ISLAMIC BANK;
ARY GROUP; ISLAMIC CULTURAL CENTER OF
GENEVA A/K/A GENEVA ISLAMIC CENTER;
HANI RAMADAN; THE COMMITTEE FOR THE
DEFENSE OF LEGITIMATE RIGHTS; MUSTAF
AHMED AL-HISAWI A/K/A SHEIK SAEED; IMAD
EDDIN BARAKAT YARKAS A/K/A ABU DAHDAH;
MUHAMMAD GALEB KALAJE ZUOAYDI A/K/A
ABU TALHA; BASSAM DALATI SATUT;
ABDALRAHMAN ALARNOUT ABU ALJER A/K/A
ABU OBED;
MOHAMMED KHAIR AL SAQQA A/K/A ABU AL
DARDA; MOHAMMED ALI SAYED MUSHAYT;
MOHAMMED HUSSEIN AL-AMOUDI; ABU
QATADA AL-FILISTINI A/K/A ABU ISMAIL A/K/A
ABU UMAR A/K/A ABU OMAR OMAR A/K/A ABU
UMAR TAKFIRI A/K/A ABU UMAR UMAR A/K/A
ALI SAMMAN UTHMAN A/K/A OMAR
MAHMOUD UTHMAN A/K/A UMAR UTHMAN;
YASSIR AL-SIRRI A/K/A AMMAR; MOHAMMED
AL MASSARI; LUJAIN AL-IMAN; ZIYAD
KHALEEL; IBRAHIM BAH; MAMDOUH MAHMUD
SALIM A/K/A ABU HAJER AL IRAQI; ABDULLAH
SAMIL BAHMADAN; ESSAM AL RIDI; OMAR
ABU OMAR; MOHAMMED ALI HASAN AL
MOAYAD; AL FAROOQ MOSQUE; YOUSEF
JAMEEL; IBRAHIM MOHAMMED AFANDI;
MOHAMMED BIN ABDULLAH AL-JOMAITH;
ABDULRAHMAN HASSAN SHARBATLY;
SALAHUDDIN ABDULJAWAD; AHMED ZAKI
YAMANI A/K/A AHMAD TURKI YAMANI;
AHMAD AL HARBI; MOHAMMED AL-ISSAI A/K/A
MOHAMMED AL ISSAEI; HAMAD HUSSAINI;
ABU RIDA AL SURI A/K/A MOHAMMED LOAY
BAYAZID; SAUDI RED CRESCENT
ASSOCIATION; AHMED BRAHIM; ABU MUSAB
AL-ZARQAWI A/K/A ABU MUSAB ZARQAWI;
ABU IBRAHIM AL-MASRI; DAR AL MAAL AL
ISLAMI TRUST; DMI ADMINISTRATIVE
SERVICES, S.A.;
ISLAMIC ASSEMBLY OF NORTH AMERICA;
SALMAN AL-OUDA; SAFAR AL-HAWALI;

SALEH AL-HUSSAYEN; SAMI OMAR AL-
HUSSAYEN; MOHAMMED J. FAKIHI;
QUEEN CITY CIGARETTES AND CANDY; AGUS
BUDIMAN; AL-BARAKA BANKCORP, INC.;
AHMED RESSAM; FAHD AL-QUSIA;
TAWFIQ BIN ATASH A/K/A KHALLAD;
MULLAH KAKSHAR; SAUDI INVESTMENT
COMPANY; TARIK RAMANDAN; PTECH, INC.;
MUSTAFA MOHAMMED AHMAD A/K/A SKEIK
SAEED; REVOLUTIONARY UNITED FRONT;
GLOBAL JIHAD FUNDS; SAMI AL-ARIAM and
SADAM HUSSEIN,

                Defendants.
-------------------------------------------------------------X

        Plaintiff NEW YORK MARINE AND GENERAL INSURANCE COMPANY

("NYMAGIC"), by and through their attorneys, BROWN GAVALAS & FROMM LLP,

complaining of the above-captioned defendants, does hereby allege upon information and

belief the following:

## PARTIES

**Plaintiff**

        1.         NYMAGIC, is an insurance company duly qualified and existing under the

laws of the State of New York, and doing business in this jurisdiction through its managing

general agent, Mutual Marine Offices, Inc., at 919 Third Avenue, New York, New York

10022.

**Defendants Foreign Terrorist Organizations**

        2.         Defendant, al Qaida a/k/a al Qaeda, is a designated Foreign Terrorist

Organization ("FTO"), pursuant to §219 of the Immigration and Nationality Act, as amended

by the Anti-terrorism and Effective Death Penalty Act of 1996.  Established by defendant,

Osama bin Laden, in the late 1980's, al Qaida is a global network of several thousand terrorist

cells, members, associates and supporters, dedicated to the establishment of a pan-Islamic Caliphate throughout the world.  The network's strength is reinforced by its ties to other FTOs, extremist organizations and sympathetic individuals and State Sponsors.  Al Qaida frequently functions through, in concert with, or with the support of, the terrorist organizations and groups that operate under its umbrella or with its support.  In February 1998, al Qaida issued a fatwa under the banner "the World Islamic Front for Jihad Against Jews and Crusaders," saying it was the duty of all Muslims to kill United States citizens - civilian or military - and their allies everywhere.

3.        Defendant, Egyptian Islamic Jihad, is a designated FTO, pursuant to §219 of the Immigration and Nationality Act, as amended by the Anti-terrorism and Effective Death Penalty Act of 1996.  Egyptian Islamic Jihad operates in concert, conspires, exchanges material support and resources, and is otherwise affiliated with al Qaida.  Defendant, Ayman al-Zawihiri, a prominent leader of Egyptian Islamic Jihad, has served as a member of al Qaida's leadership council, known as the shura, since al Qaida's inception.  According to the United States government, Egyptian Islamic Jihad merged with al Qaida at some point prior to June 2001, but retains the capacity to commit acts of international terrorism independently.

4.        Defendant, Asbat al-Ansar, is a designated FTO, pursuant to §219 of the Immigration and Nationality Act, as amended by the Anti-terrorism and Effective Death Penalty Act of 1996.  Asbat al-Ansar operates in concert, conspires, exchanges material support and resources, and is otherwise affiliated with al Qaida.

5.        Defendant, Al Gama'a al-Islamiyya a/k/a Islamic Gama'at, is a designated FTO, pursuant to §219 of the Immigration and Nationality Act, as amended by the Anti-terrorism and Effective Death Penalty Act of 1996.  Al Gama'a al-Islamiyya operates in

concert, conspires, exchanges material support and resources, and is otherwise affiliated with al Qaida.  A senior official of Al Gama'a al-Islamiyya signed al Qaida's February 1998 fatwa calling for attacks against the United States.

6.      Defendant, Salafist Group for Call and Combat, is a designated FTO, pursuant to §219 of the Immigration and Nationality Act, as amended by the Antiterrorism and Effective Death Penalty Act of 1996.  Salafist Group for Call and Combat operates in concert, conspires, exchanges material support and resources, and is otherwise affiliated with al Qaida.

7.      Defendant, Lashkar-e-Janghvi, is a designated FTO, pursuant to §219 of the Immigration and Nationality Act, as amended by the Anti-terrorism and Effective Death Penalty Act of 1996.  Lashkar-e-Janghvi operates in concert, conspires, exchanges material support and resources, and is otherwise affiliated with al Qaida.

8.      Defendant, Lashkar-e-Tayyiba, is a designated FTO, pursuant to §219 of the Immigration and Nationality Act, as amended by the Anti-terrorism and Effective Death Penalty Act of 1996.  Lashkar-e-Tayyiba operates in concert, conspires, exchanges material support and resources, and is otherwise affiliated with al Qaida.

9.      Defendant, Jemaah Islamiya Organization, is a designated FTO, pursuant to §219 of the Immigration and Nationality Act, as amended by the Anti-terrorism and Effective Death Penalty Act of 1996.  Jemaah Islamiya Organization operates in concert, conspires, exchanges material support and resources, and is otherwise affiliated with al Qaida.

10.      Defendant, Hezbollah a/k/a Hizballad, is a designated FTO, pursuant to §219 of the Immigration and Nationality Act, as amended by the Anti-terrorism and Effective Death Penalty Act of 1996.  Hezbollah operates in concert, conspires, exchanges material

support and resources, and is otherwise affiliated with al Qaida.  The relationship between Hezbollah and al Qaida was forged during meetings between Osama bin Laden and defendant, Imad Mughniyeh, Hezbollah's chief of operations, and has included coordination on explosives and tactics training, money laundering, weapons smuggling and acquisition of forged identification documents.  According to United States intelligence officials, Hezbollah operates under the direction, and by virtue of the direct license, of the Iranian and Syrian governments.  Hezbollah is, in effect, an agency and instrumentality of the Iranian and Syrian governments.

11.     Defendant, Abu Sayef Group, is a designated FTO, pursuant to §219 of the Immigration and Nationality Act, as amended by the Anti-terrorism and Effective Death Penalty Act of 1996.  Abu Sayef Group operates in concert, conspires, exchanges material support and resources, and is otherwise affiliated with al Qaida.

12.     Defendant, Algerian Armed Islamic Group a/k/a GIA, is a designated FTO, pursuant to §219 of the Immigration and Nationality Act, as amended by the Antiterrorism and Effective Death Penalty Act of 1996.  Algerian Armed Islamic Group operates in concert, conspires, exchanges material support and resources, and is otherwise affiliated with al Qaida.

13.     Defendant, HAMAS, is a designated FTO, pursuant to §219 of the Immigration and Nationality Act, as amended by the Anti-terrorism and Effective Death Penalty Act of 1996. HAMAS operates in concert, conspires, exchanges material support and resources, and is otherwise affiliated with al Qaida.

14.     Defendant, Palestine Islamic Jihad, is a designated FTO, pursuant to §219 of the Immigration and Nationality Act, as amended by the Anti-terrorism and Effective Death

Penalty Act of 1996.  Palestine Islamic Jihad operates in concert, conspires, exchanges

material support and resources, and is otherwise affiliated with al Qaida.

**Defendants Foreign States**

15.     Defendant, The Islamic Republic of Iran ("Iran"), is a foreign state within

the meaning of 28 U.S.C. §1603(a), and a designated State Sponsor of terrorism pursuant to

the Export Administration Act of 1979 and the Foreign Assistance Act of 1961.

16.     Iran has long provided material support and resources to al Qaida.

According to United States intelligence reports, the relationship between Iran and al Qaida

dates to the early 1990's, when al Qaida officials met with Iranian intelligence officials to

establish an anti-American partnership.

17.     According to the U.S. government, Iran has harbored, and continues to

harbor, senior members of the al Qaida terrorist network.  Iran permits those al Qaida

operatives to use the cloak of Iran's state sovereignty to shield al Qaida's operations,

including the recruitment of new members, training of terrorist cells, and coordination,

planning and funding of terrorist attacks throughout the world.

18.     In addition to its extensive direct support of al Qaida, Iran has long provided

material support and resources to Egyptian Islamic Jihad, Salafist Group for Call and Combat

and Hezbollah.  As set forth above, Hezbollah is, in effect, an agency and instrumentality of

the Iranian government.

19.     By virtue of its merger with Egyptian Islamic Jihad, and affiliation with

Salafist Group for Call and Combat and Hezbollah, al Qaida has materially benefited from

Iran's sponsorship of those FTOs.  Indeed, according to the testimony of Ali Mohamed, a

U.S. green beret who pleaded guilty to conspiring with defendant Osama bin Laden to bomb U.S. embassies in Africa, Iran used Hezbollah to supply explosives and explosives training to al Qaida operatives.

20.     Defendant, Republic of Iraq ("Iraq"), is a foreign state within the meaning of 28 U.S.C. §1603(a), and a designated State Sponsor of terrorism pursuant to the Export Administration Act of 1979 and the Foreign Assistance Act of 1961.

21.     Iraq has long provided material support and resources to al Qaida, including training in document forgery, bomb making and poison and gas production.

22.     According to the U.S. government, Iraq has harbored senior members of the al Qaida terrorist network.  Iraq permitted those al Qaida operatives to use the cloak of Iraq's state sovereignty to shield al Qaida's operations, including the recruitment of new members, training of terrorist cells, and coordination, planning and funding of terrorist attacks throughout the world.

23.     At all times material hereto, Iraq operated terrorist training camps within its borders, at which defendant Iraq provided training to members of various terrorist organizations, including members of the al Qaida terrorist network.  One such camp was equipped with a commercial airliner fuselage, used by defendant Iraq to train terrorist operatives, including al Qaida members, in highjacking techniques and procedures.

24.     Defendant, The Republic of Sudan ("Sudan"), is a foreign state within the meaning of 28 U.S.C. §1603(a), and a designated State Sponsor of terrorism pursuant to the Export Administration Act of 1979 and the Foreign Assistance Act of 1961.  Sudan maintains an Embassy within the United States at 2210 Massachusetts Avenue, N.W., Washington, D.C. 20008-2831.

25.      Sudan has long provided material support and resources to al Qaida. According to the United States government, Sudan's support of al Qaida has included para-military training, indoctrination, money, travel documentation, safe passage and refuge in Sudan.

26.      Sudan openly harbored defendant, Osama bin Laden, and many top al Qaida lieutenants between 1991 and 1996.  During that time, the Sudanese government permitted defendant, Osama bin Laden, to establish al Qaida training camps, set up front companies to move assets and generate new revenues, and to use the cloak of Sudan's state sovereignty to shield al Qaida's operations.

27.      In 1996, the Sudanese government permitted defendant, Osama bin Laden, to move to Afghanistan, where he was welcomed as an honored guest of the ruling Taliban government, rather than surrendering him to international authorities for prosecution.

28.      Sudan continues to harbor members of the al Qaida terrorist network, as well as members of affiliated FTOs, and has recently permitted al Qaida and other associated terrorist organizations to re-establish training camps within Sudan, and to otherwise use Sudan as a base to organize their operations and support compatriots elsewhere.

29.      In addition to its extensive direct support of al Qaida, Sudan has long provided material support and resources to defendants Egyptian Islamic Jihad and Hezbollah.

30.      By virtue of its merger with Egytpian Islamic Jihad, and affiliation with Hezbollah, al Qaida has materially benefited from Sudan's sponsorship of those FTOs.

31.      Defendant, Syrian Arab Republic ("Syria"), is a foreign state within the meaning of 28 U.S.C. §1603(a), and a designated State Sponsor of terrorism pursuant to the Export Administration Act of 1979 and the Foreign Assistance Act of 1961.

32.     Syria has long provided material support and resources to defendant Hezbollah.  According to the U.S. government, Syria has provided safe haven, financial and logistical assistance, training facilities and political support for Hezbollah.  In addition, Syria has for many years facilitated weapons shipments from Iran to Hezbollah.  As set forth above, Hezbollah is, in effect, an agency and instrumentality of the Syrian government.

33.     By virtue of its affiliation with Hezbollah, al Qaida has materially benefited from Syria's sponsorship of that FTO.

34.     Between 1992 and 2003, Syria continually purchased crude oil from defendant Iraq, in violation of United Nations Security Council resolutions and sanctions programs designed to inhibit Iraq's ability to use funds derived from the sale of Iraq's natural resources to promote international terrorism and pursue the development of weapons of mass destruction.  Through its state controlled bank, Syria assisted Iraq in laundering revenues realized by Iraq through the illegal oil sales, and through other illicit activities.

35.     Syria's violations of the United Nations Security Council resolutions and sanctions programs, as described above, enabled Iraq to maintain and expand its terrorist sponsorship programs, including its provision of material support and resources to al Qaida and affiliated FTOs, persons, organizations, commercial entities and other parties.

36.     Syria knew, or should have known, that al Qaida and affiliated FTOs, persons, organizations, commercial entities and other parties would materially benefit from Syria's illegal crude oil purchases from Iraq, and from the assistance Syria provided to Iraq in laundering revenues from the illegal oil sales and other illicit activities.

37.     Defendant, Kingdom of Saudi Arabia ("Saudi Arabia"), is a foreign state within the meaning of 28 U.S.C. §1603(a).  Saudi Arabia maintains an Embassy within the United States at 601 New Hampshire Avenue, N.W., Washington, D.C. 20037.

38.     Saudi Arabia has long provided material support and resources to al Qaida, including financial and logistical assistance.

39.     According to intelligence experts and officials of the U.S. government, Saudi Arabia has channeled literally millions of dollars to al Qaida, predominantly through various Saudi based "charities" under the government's effective control, including defendants, Muslim World League, Al Haramain Foundation, International Islamic Relief Organization ("IIRO"), Benevolence International Foundation f/k/a Lajnatt Al-Bir Al-Islamiah, Blessed Relief Foundation, Rabita Trust and World Assembly of Muslim Youth.

40.     During a July 31, 2003 hearing before the Senate Committee on Governmental Affairs regarding terrorism financing, Dr. Dore Gold, the former Israeli Ambassador to the United Nations, confirmed the Saudi government's control over several based "charities" responsible for funding al Qaida, stating as follows:

> [I]t would be incorrect to view these charities as purely non-governmental organizations. … [A]t the apex of each organization's board is a top Saudi official.  The Saudi Grand Mufti, who is also a Saudi cabinet member, chairs the Constituent Council of the Muslin World League.  The Saudi Minister of Islamic Affairs chairs the Secretariat of the World Assembly of Muslim Youth and the Administrative Council of al-Haramain.  All three organizations have received large charitable contributions from the Saudi royal family that have been detailed in Saudi periodicals.

41.     Despite its express awareness, for several years prior to September 11, 2001, that Saudi "charities" were funneling contributions to al Qaida and other terrorist causes, Saudi Arabia continued to donate enormous sums of money to those organizations.  Saudi

Arabia knew, or should have known, that al Qaida and affiliated FTOs, persons, organizations, commercial entities and other parties would materially benefit from those contributions, and use the funds received from those "charities" to finance terrorist attacks against the United States, its nationals and allies.

      42.    Despite its express awareness, for several years prior to September 11, 2001, that Saudi "charities" were funneling contributions to al Qaida and other terrorist causes, Saudi Arabia failed to take appropriate and necessary steps to regulate those "charities" and otherwise prevent them from continuing to finance terrorism, in violation of its obligations under United Nations Security Council Resolutions 49/60, 1269, 1333 and 1363.

      43.    Saudi Arabia knew, or should have known, that al Qaida and affiliated FTOs, persons, organizations, commercial entities and other parties would materially benefit from Saudi Arabia's failure to take appropriate and necessary steps to regulate the "charities" which were funneling contributions to al Qaida and otherwise prevent those "charities" from continuing to finance terrorism.

### Defendants Designated Supporters, Sponsors, and Affiliates of Al Qaida and FTO's

      44.    Defendants, Osama bin Laden; Sayf al-Adl a/k/a Saif al-Adel; Shaykh Sa'id a/k/a Mustafa Muhammad Ahmad; Abu Hafs the Mauritanian a/k/a Mahfouz Ould al-Walid a/k/a Khalid al-Shanqiti; Ibn al-Shaykh al-Libi; Abu Zubaydah a/k/a Zayn al Abidin Muhammad Husayn Tariq; Abd al-Hadi al-Iraqi a/k/a Abu Abdullah; Ayman al-Zawahiri; Thirwat Salah Shihata a/k/a Muhammad Ali; Muhammad Salah a/k/a Nasr Fahmi Nasr Hasanayn; Makhtab al-Khidamat a/k/a Al-Khifaf; Al-Itihaad al-Islamiya (AIAI); Islamic

Army of Aden; Wafa Humanitarian Organization; Al-Rashid Trust; Mamoun Darkazanli

Import-Export Company; Nurjaman Riduan Ismuddin a/k/a Hambali; Mohammed Iqbal

Abdurrahman a/k/a/ Abu Jibril; Benevolence International Foundation f/k/a Lajnatt al-Birr al-

Islamiah; Benevolence International Fund; Bosanska Idealna Futura; Global Relief

Foundation a/k/a Foundation Secours Mondial; Mounir El Motassadeq; Ramzi Binalshibh;

Zakarya Essabar; Said Bahaji; Turkistan Islamic Movement; Wa'el Hamza Julaidan a/k/a Al-

Hasan al Madani; Adel Ben Soltane; Nabil Benattia; Yassine Chekkouri; Riadh Jelassi; Mendi

Kammoun; Samir Kishk; Tarek Ben Habib Maaroufi; Abdel Halim Remadna Hased; Mansour

Thaer; Lazhar Ben Mohammed Tlili; Habib Waddani; Akida Bank Private Limited; Akida

Investment Co. Ltd.; Nasreddin Group International Holding Ltd.; Nasco Nasreddin Holding

A.S.; Nascotex S.A.; Nasreddin Foundation; BA Taqwa for Commerce and Real Estate

Company Ltd.; Miga - Malaysian Swiss, Gulf and African Chamber; Gulf Center S.R.L.;

Nascoservice S.R.L.; Nasco Business Residence Center SAS Di Nasreddin Ahmed Idris EC;

Nasreddin Company Nasco SAS Di Ahmed Idris Nassneddin EC; Nada International Anstalt;

Nasreddin International Group Limited Holding; The Aid Organization of the Ulema; Ahmed

Idris Nasreddin; Youssef Nada; Abdelkadir Mahmoud Es Sayed; Khalid Al-Fawaz; Abu

Hamza Al-Masri; Mohamed Ben Belgacem Aouadi; Mokhtar Boughougha; Tarek Charaabi;

Sami Ben Khemais Essid; Lased Ben Heni; Somalia Branch of the Al-Haramain Islamic

Foundation; Bosnia-Herzegovina Branch of Al-Haramain Islamic Foundation; Umma

Tameer-E-Nau (UTN); Bashir-Ud-Din Mahmood; Abdul Majeed; S.M. Tufail; Al-Barakaat;

Al Taqwa/Nada Group; Al Baraka Exchange LLC; Al Barakaat Bank; Al-Barakat Bank of

Somalia (BSS); Al-Barakat Finance Group; Al-Barakat Financial Holding Co.; Al-Barakat

Global Telecommunications; Al-Barakat Group of Companies Somalia Limited; Al-Barakat

International a/k/a Baraco Co.; Al-Barakat Investments; Al-Barakat Wiring Service; Al

Taqwa Trade, Property and Industry Company Limited; ASAT Trust; Bank al Taqwa

Limited; Baraka Trading Company; Barakaat Boston; Barakaat Construction Company;

Barakaat Group of Companies; Barakaat International; Barakaat International Foundation;

Barakaat International, Inc.; Barakaat North America, Inc.; Barakaat Red Sea

Telecommunications; Barakaat Telecommunications Co. Somalia, Ltd.; Barakat Bank and

Remittances; Barakat Computer Consulting (BCC); Barakat Consulting Group (BCG);

Barakat Global Telephone Company; Barakat International Companies (BICO); Barakat Post

Express (BPE); Barakat Refreshment Company; Barakat Wire Transfer Company; Barakat

Telecommunications Company Limited (BTELCO); Barako Trading Company, LLC; Heyatul

Ulya; Nada Management Organization; Parka Trading Company; Red Sea Barakat Company

Limited; Somalia International Relief Organization; Somalia Internet Company; Somalia

Network AB; Youssef M. Nada & Co. Gesellschaft MBH; Youssef M. Nada; Hussein

Mahmud Abdullkadir; Abbas Abdi Ali; Abdi Adulaziz Ali; Yusaf Ahmed Ali; Dahir

Ubeidullahi Aweys; Hassan Dahir Aweys; Ali Ghaleb Himmat; Albert Fredrich Armand

Huber; Ahmed Nur Ali Jim'ale; Abdullahi Hussein Kahie; Mohammed Mansour; Zeinab

Mansour-Fattah a/k/a Zeinab Mansour-Fattouh; Abdullah Ahmed Abdullah a/k/a Abu Mariam

a/k/a Abu Mohamed Al-Masri a/k/a Saleh; Haji Abdul Manan Agha a/k/a Abd Al-Man'am

Saiyid; Al-Hamati Sweets Bakeries; Muhammad Al-Hamati a/k/a Mohammad Hamdi Sadiq

Al-Ahdal a/k/a Abu Asim Al-Makki; Amin Al-Haq a/k/a Dr. Amin Ah Haq a/k/a Muhammad

Amin a/k/a Dr. Amin Ul-Haq; Saqar Al-Sadawi; Ahmad Sa'id Al-Kadr a/k/a Abu Abd Al-

Rahman Al-Kanadi; Anas Al-Liby a/k/a Anas Al-Libi a/k/a Nazim Al-Raghie a/k/a Nazih

Abdul Hamed Al-Raghie a/k/a Anas Al-Sabai; Ahmad Ibrahim Al- Mughassil a/k/a Abu

Omran a/k/a Ahmed Ibrahim Al-Mughassil; Abdelkarim Hussein Mohamed Al-Nasser; Al-

Nur Honey Press Shops a/k/a Al-Nur Honey Center; Yasin Al-Qadi a/k/a Shaykh Yassin

Abdullah Kadi a/k/a Yasin Kahdi; Sa'd Al-Sharif; Al-Shifa' Honey Press for Industry and

Commerce; Ibrahim Salih Mohammed Al-Yacoub; Ahmed Mohammed Hamed Ali a/k/a

Ahmed Mohammed Abdurehman a/k/a Abu Fatima a/k/a Abu Islam a/k/a Abu Khadiijah

a/k/a Ahmed Hamed a/k/a Ahmed the Egyptian a/k/a Ahmed Ahmed a/k/a Ahamad Al-Masri

a/k/a Abu Islam Al-Surir a/k/a Ahmed Mohammed Ali a/k/a Hamed Ali a/k/a Ahmed Hemed

a/k/a Ahmed Shieb a/k/a Shuaib; Ali Atwa a/k/a Ammar Mansour Bouslim a/k/a Hassan

Rostom Salim; Muhsin Musa Matwalli Atwah a/k/a Abdel Rahman a/k/a Abdul Rahman a/k/a

Abdul Rahman Al-Muhajir a/k/a Mohammed K.A. Al-Namer; Bilal Bin Marwan; Ayadi

Chafiq Bin Muhammad a/k/a Ben Muhammad Aiadi a/k/a Ben Muhammad Aiady a/k/a Ben

Muhammad Ayadi Chafik a/k/a Ben Muhammad Ayadi Shafiq; Mamoun Darkazanli; Ali

Saed Bin Ali El-Hoorie a/k/a Ali Saed Bin Ali Al-Houri a/k/a Ali Saed Bin Ali El-Houri;

Mustafa Mohamed Fadhil a/k/a Abd Al Wakil Al Masri a/k/a Abu Al-Nubi a/k/a Hassan Ali

a/k/a Abu Anis a/k/a Moustafa Ali Elbishy a/k/a Mustafa Muhamad Fadil a/k/a Mustafa Fazul

a/k/a Hussein a/k/a Abu Jihad a/k/a Khalid a/k/a Nu Man a/k/a Mustafa Mohammed a/k/a

Abu Yussrr; Ahmed Khalfan Ghailani a/k/a Ahmed the Tanzanian a/k/a Foopie a/k/a Fupi

a/k/a Abu Bakr Ahmad a/k/a A. Ahmed a/k/a Abubakar Ahrmed a/k/a Abubakar K. Ahmed

a/k/a Abubakar Khalfan Ahmed a/k/a Abubakary K. Ahmed a/k/a Ahmed Khalfan Ahmed

a/k/a Ahmad Al Tanzani a/k/a Ahmed Khalfan Ali a/k/a Abu Bakr a/k/a Abubakary Khalfan

Ahmed Ghailani a/k/a Ammed Ghailani a/k/a Ahmad Khalafan Ghilani a/k/a Mahafudh

Abubakar Ahmed Abdallah Hussein a/k/a Abu Khabar a/k/a Ahmed Khalfan a/k/a Shariff

Omar Mohammed; Riad Hijazi a/k/a Abu-Ahmad Al-Amriki a/k/a Abu-Ahmad Al-Hawen

a/k/a Rashid Al-Maghribi a/k/a Abu-Ahmad Al-Shahid a/k/a M Raed Hijazi; Hasan Izz-Al-Din a/k/a Ahmed Garbaya a/k/a Sa-Id a/k/a Samir Salwwan; Jaish-I-Mohammed a/k/a Army of Mohammed a/k/a Tehrik-al-Furqan; Jam'Yah Ta'Awun Al-Islamia a/k/a Jam'Iyat Al Ta'Awun Al Islamiyya a/k/a JIT a/k/a Society of Islamic Cooperation; Mufti Rashid Ahmad Ladehyanoy a/k/a Mufti Rasheed Ahma a/k/a Mufti Rashid Ahmad Ludhianvi a/k/a Mufti Rashid Ahmad Wadehyanoy; Fazul Abdullah Mohammed a/k/a Fazul Abdalla a/k/a Fazul Adballah a/k/a Abu Aisha a/k/a Abu Seif Al Sudani a/k/a Fadel Abdallah Mohammed Ali a/k/a Abdalla Fazul a/k/a Abdallah Fazul a/k/a Abdallah Mohammed Fazul a/k/a Haroon Fazul a/k/a Harun Fazul a/k/a Haroon a/k/a Fadhil Haroun a/k/a Harun a/k/a Abu Luqman a/k/a Fazul Mohammed a/k/a Fazul Abdilahi Mohammed a/k/a Fouad Mohammed a/k/a Fadil Abdallah Muhamad; Khalid Shaikh Mohammed a/k/a Salem Ali a/k/a Fahd Bin Abdallah Bin Khalid a/k/a Ashraf Refaat Nabith Henin a/k/a Khalid Adbul Wadood; Fahid Mohammed Ally Msalam a/k/a Usama Al-Kini a/k/a Fahid Mohammed Ally a/k/a Fahad Ally Msalam a/k/a Fahid Mohammed Ali Msalam a/k/a Mohammed Ally Msalam a/k/a Fahid Mohammed Ali Musalaam a/k/a Fahid Muhamad Ali Salem; Rabita Trust; Ansar al-Islam (AI) a/k/a Jund al-Islam; Youssef Abdaoui a/k/a Abu Abdullah a/k/a Abdellah a/k/a Abdullah; Mohamed Amine Akli a/k/a Samir a/k/a Kali Sami a/k/a Elias; Mehrez Amdouni a/k/a Fabio Fusco a/k/a Mohammed Hassan a/k/a Tuale Abu; Chiheb Ben Mohamed Ayari a/k/a Abu Hohem Hichem; Mondher Baazaoui a/k/a Hamza; Lionel Dumont a/k/a Bilal a/k/a Hamza a/k/a Jacques Brougere; Moussa Ben Amor Essaadi a/k/a Dah Dah a/k/a Abdelrahmman a/k/a Bechir; Rachid Fettar a/k/a Aminedel Belgio a/k/a Djaffar; Brahim Ben Hedili Hamami; Khalil Jarraya a/k/a Khalil Yarraya a/k/a Aziz Ben Narvan Abdel a/k/a Amro a/k/a Omar a/k/a Amrou a/k/a Amr; Mounir Ben Habib Jerraya a/k/a Yarraya; Faouzi Jendoubi a/k/a Said

a/k/a Samir; Fethi Ben Rebai Mnasri a/k/a Amor a/k/a Omar Abu a/k/a Fethi Alic; Najib

Ouaz; Ahmed Hosni Rarrbo a/k/a Abdallah a/k/a Abdullah; Nedal Saleh a/k/a Hitem;

Abdelghani Mzoudi; Gulbuddin Hekmatyar; Imad Mughniyeh; Muhammad Omar a/k/a

Mullah Muhammed Omar; Islamic Peacekeeping International Brigade; Special Purpose

Islamic Regiment; Riyadus-Salikhin Reconnisance and Sabotage Battalion of Chechen

Martyrs; Sheikh Ahmed Salim Swedan; Taliban; Abd Al-Mushin Al-Libi; Al-Haramain a/k/a

Al-Haramain Foundation; Yazid Sufaat; Nada Management Organization; Ayman Al

Zawahiri; and Zelim Khan Ahmedovic Yandarbieu, have been designated as supporters and

associates of terrorists by the U.S. government, pursuant to Executive Order 13224, based on

their material support and sponsorship of, or affiliation with, defendant al Qaida and/or

affiliated FTOs, associations, organizations or persons.

       45.      Defendants, Princess Haifa Al-Faisal; Prince Bandar Ibn Sultan; Osama

Bassnan; Omar Al-Bayoumi; Fahad Al-Thumairy; World Assembly of Muslim Youth;

Abdullah 'Qassim; Hashim Abdulrahman; Jamal Al-Badawi a/k/a Jamal Ahmed Mohammed;

Mohammed Omar Al-Harazi; Walid Al-Sourouri; Fatha Adbul Rahman; Yasser Al-Azzani;

Jamal Ba Khorsh; Ahmad Al-Shinni; Jamil Qasim Saeed Mohammed; Abu Abdul Rahman

Amin; Mohamed Bayazid; Sheikh Omar Bakri Muhammad; Abdul Fattah Zammar; Ghasoub

Al Abrash Ghalyoun a/k/a Abu Musab; Bensayah Belkacem; Sabir Lamar; Wadih El-Hage;

Wali Khan Amin Shah; Zacarias Moussaoui; Maulvi Abdul Kabir; Jalil Shinwari; Noor Jalal;

Abu Agab; National Islamic Front; Hassan al-Turabi; Izz El-Din al Sayed Mohamed; Lashkar

Redayan-e-Islami; Ahmad Salah a/k/a Salim; Abdul Rahman Khaled Bin Mahfouz; Abdul

Rahman Yasin; Abdullah Bin Laden; Advice and Reformation Committee; Afghan Support

Committee; Al Khaleejia for Export Promotion and Marketing Company; Enaam M.

Arnanout; International Islamic Relief Organization; International Institute of Islamic Thought; Islamic Cultural Institute of Milan; Jamal Barzinji; Khaled Bin Mahfouz; Mohammed Jamal Khalifa; Mohammed Salim Bin Mahfouz; Muslim World League; National Commercial Bank; Prince Nayef Bin Abdulaziz Al Saud; Prince Sultan Bin Abdulaziz Al Saud; Rabih Haddad; SAAR Foundation; Saudi Sudanese Bank; Al Shamal Islamic Bank; Sheikh Abu Bdul Aziz Nagi; Sheik Adil Galil Batargy a/k/a Adel Abdul Jalil Batterjee; Suleiman Abdel Aziz Al Rajhi; Taba Investments; Tanzanite King; Ulema Union of Afghanistan; Wadi Al Aqiq; Infocus Tech of Malaysia; Al-Shaykh Al-Iraqi; Azzam Service Center; Abu Hajer Al Iraqi; Al-Hijrah Construction and Development Limited; Gum Arabic Company Limited; Al Shamal For Investment and Development; Saleh Abdullah Kamel; Al Baraka Investment and Development; Saudi Dallah Al Baraka Group LLC; Islamic Investment Company of the Gulf; Dar-Al-Maal Al Islami; Al-Bir Saudi Organization; Mohammad S. Mohammad; Tadamon Islamic Bank; Mustasim Abdel-Rahim; National Fund for Social Insurance; Abdul-Rahim Mohammed Hussein; Al Amn Al-Dakhili; Al Amn Al-Khariji; Abd Al Samad Al-Ta'Ish; Mohamed Sadeek Odeh; Abdel Barry; Dr. Mahdi Chamran Savehi; Mohammed Sarkawi; Al Tawhid; Haji Mohamad Akram; Abdallah Omar; Umar Faruq; Abd Al-Rahim Al-Nashiri; Turki Al Faisal Bin Abdulaziz Al Saud a/k/a Prince Turki; Prince Abdullah Al Faisal Bin Abdulaziz Al Saud a/k/a Prince Abdullah; Prince Salman Bin Abdul Aziz Al Saud a/k/a Prince Salman; Zouaydi a/k/a Muhammed Galeb Kalaje Zoaaydi a/k/a Abu Talha; Mullah Kakshar; Arafat El-Asahi; Haydar Mohamed Bin Laden; Mohammed Bin Abdulrahman Al Ariefy; Faisal Group Holding Company; Al Faisaliah Group; Bashsh Hospital; Mushayt for Trading Establishment; Abdullah Bin Abdul Muhsen Al Turki a/k/a Al Turki; Saudi High Commission for Relief to Bosnia a/k/a The Saudi High

Relief Commission; Abdul Aziz Bin Ibrahim Al Ibrahim; Al Anwa USA, Inc.; Help African

People; Ibrahim Bin Abdul Aziz Al Ibrahim Foundation; Mercy International Relief Agency;

Islamic Movement of Uzbekistan; Saudi Bin Laden Group a/k/a Bin Laden Corporation a/k/a

Bin Laden International; Bakr M. Bin Laden; Saleh Gazaz; Mohammed Bahareth; Abdullah

Bin Said; Mohammed Nur Rahmi; Tarek M. Bin Laden; Omar M. Bin Laden; Mohammed

Bin Laden Organization; Yeslam M. Bin Laden; Global Diamond Resources, Inc.; Human

Concern International; Talal Mohammed Badkook; Dr. Mohaman Ali Elgari; New Diamond

Holdings; M.M. Badkook Company for Catering & Trading; Al-Mustaqbal Group; National

Management Consultancy Center; Al-Rajhi Banking & Investment Corporation; Saleh

Abdulaziz Al-Rajhi; Abdullah Sulaiman Al-Rajhi; Khalid Sulaiman Al-Rajhi; Al-Watania

Poultry; Mar-Jac Poultry, Inc.; Mar-Jac Investments, Inc.; Piedmont Poultry; Salim Bin

Mahfouz; SNCB Corporate Finance Limited; SNCB Securities Limited in London; SNCB

Securities Limited in New York; Saudi Economic and Development Company; Zakat

Committee; Red Crescent Saudi Committee; Blessed Relief Foundation; Abdulkarim Khaled

Uusuf Abdulla; Abdulrahman Bin Khalid Bin Mahfouz; Mohamed Hisham Bin Hairi; Hezb-

e-Islami; Saif Al Islam El Masry; Syed Suleman Ahmer; Mazin M.H. Bahareth; Shahir

Abdulraoof Batterjee; Zahir H. Kazmi; Muzaffar Khan; Soliman J. Khudeira; Jamal Nyrabeh;

Ahmad Ajaj; Success Foundation; Abdulrahman Alamoudi; American Muslim Foundation;

Mohamed Omeish; Dr. Adnan Basha; Mahmoud Jaballah; Moro Islamic Liberation Front;

Mohammed Khatib; Saudi Joint Relief Committee; Taibah International Aid Association;

Islamic African Relief Agency; Tarik Hamdi; Fazeh Ahed; Sanabil Al-Khair; Sana-Bell, Inc.;

Sanabel Al-Kheer, Inc.; Khaled Nouri; Abdullah M. Al-Mahdi; Tareq M. Al-Swaidan: Abdul

Al-Moslah; Salah Badahdh; Hassan A.A. Bahfzallah; M. Yaqub Mirza; Ihab Ali; Samir Salah;

Ibrahim Hassabella; Hisham Al-Talib; Abu Sulayman; Ahmed Totonji; Iqbal Yunus; M.
Omar Ashraf a/k/a Muhammad Ashraf; Mohammed Jaghlit; Sherif Cedky; African Muslim
Agency; Aradi, Inc.; Grove Corporate, Inc.; Heritage Education Trust; Mena Corporation;
Reston Investments, Inc.; Safa Trust; Sterling Charitable Gift Fund; Sterling Management
Group; York Foundation; National Development Bank; Dallah Avco Trans Arabia Co. Ltd.;
Masjed Al Madinah Al Munawarah a/k/a Masjid Al Madinah Al Munawarah; Al-Aqsa
Islamic Bank; Aqeel Abdulaziz Al-Aqeel; Mansouri Al-Kadi; Soliman H.S. Al-Buthe; Perouz
Seda Ghaty a/k/a Pirouz Seda Ghaty a/k/a Pete Seda; Ahmed Ibrahim Al Najjar; Adel
Muhammad Sadiq Bin Kazem; Saudi American Bank; Abdulaziz Bin Hamad a/k/a Abdulaziz
Bin Hamad Al Gosaibi; Dr. Khalil A. Kordi; Rashid M. Al Romaizan; Saudi Cement
Company; Omar Sulaiman Al-Rajhi; Arab Cement Company; Mohammed Chehade; Hazem
Ragab; Mohammed Alchurbaji; Mustafa Al-Kadir; Abu Al-Maid; Sulaiman Al-Ali; Abdullah
Bin Saleh Al-Obaid; Taha Jaber Al-Alwani; Ibrahim S. Abdullah; Mohammad Bin Faris; Dr.
Mahmoud Dakhil; Dr. Abdul Rahman Al Swailem; Delta Oil Company, Ltd.; Arab Bank,
PLC; Dubai Islamic Bank; Ary Group; Islamic Cultural Center of Geneva a/k/a Geneva
Islamic Center; Hani Ramadan; The Committee for the Defense of Legitimate Rights; Mustaf
Ahmed Al-Hisawi a/k/a Sheik Saeed; Imad Eddin Barakat Yarkas a/k/a Abu Dahdah;
Muhammad Galeb Kalaje Zuoaydi a/k/a Abu Talha; Bassam Dalati Satut; Abdalrahman
Alarnout Abu Aljer a/k/a Abu Obed; Mohammed Khair Al Saqqa a/k/a Abu Al Darda;
Mohammed Ali Sayed Mushayt; Mohammed Hussein Al-Amoudi; Abu Qatada Al-Filistini
a/k/a Abu Ismail a/k/a Abu Umar a/k/a Abu Omar Omar a/k/a Abu Umar Takfiri a/k/a Abu
Umar Umar a/k/a Ali-Samman Uthman a/k/a Omar Mahmoud Uthman a/k/a Umar Uthman;
Yassir Al-Sirri a/k/a Ammar; Mohammed Al Massari; Lujain Al-Iman; Ziyad Khaleel;

Ibrahim Bah; Mamdouh Mahmud Salim a/k/a Abu Hajer Al Iraqi; Abdullah Samil Bahmadan;

Essam Al Ridi; Omar Abu Omar; Mohammed Ali Hasan Al Moayad; Al Farooq Mosque;

Yousef Jameel; Ibrahim Mohammed Afandi; Mohammed Bin Abdullah Al-Jomaith;

Abdulrahman Hassan Sharbatly; Salahuddin Abduljawad; Ahmed Zaki Yamani a/k/a Ahmad

Turki Yamani; Ahmad Al Harbi; Mohammed Al-Issai a/k/a Mohammed Al Issaei; Hamad

Hussaini; Abu Rida Al Suri a/k/a Mohammed Loay Bayazid; Saudi Red Crescent

Association; Ahmed Brahim; Abu Musab Al-Zarqawi a/k/a Abu Musab Zarqawi; Abu

Ibrahim Al-Masri; Dar Al Maal Al Islami Trust; DMI Administrative Services, S.A.; Islamic

Assembly of North America; Salman Al-Ouda; Safar Al-Hawali; Saleh Al-Hussayen; Sami

Omar Al-Hussayen; Mohammed J. Fakihi; Queen City Cigarettes and Candy; Agus Budiman;

Al-Baraka Bankcorp, Inc.; Ahmed Ressam; Fahd Al-Qusia; Tawfiq Bin Atash a/k/a Khallad;

Mullah Kakshar; Saudi Investment Company; Tarik Ramandan; Ptech, Inc.; Mustafa

Mohammed Ahmad a/k/a Skeik Saeed; Revolutionary United Front; Global Jihad Funds;

Sami Al-Ariam; and Sadam Hussein, have aided and abetted, conspired with, and provided

material support and resources to, defendant al Qaida and/or affiliated FTOs, associations,

organizations or persons.

## JURISDICTION AND VENUE

46.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331

(federal question), 28 U.S.C. § 1332(a)(2) (diversity), and 28 U.S.C. § 1350 (Alien Tort

Claims Act).

47.      The jurisdiction of this Court over defendants Iran, Iraq, Sudan, Syria and

Saudi Arabia is invoked pursuant to 28 U.S.C. § 1330, as the claims against those defendants

fall within the exceptions to immunity set forth at 28 U.S.C. §§ 1605(a)(2), 1605(a)(5) and 1605(a)(7) (Foreign Sovereign Immunities Act).

48.      Venue in this district is proper pursuant to § 408(b)(3) of the Air Transportation Safety and System Stabilization Act, 49 U.S.C. § 40101, and 28 U.S.C. §§ 1391(b)(2) and 1391(f)(1).

## FACTUAL BACKGROUND

49.      On September 11, 2001, nineteen (19) members of the al Qaida terrorist network hijacked four (4) commercial airliners, and used those planes as weapons in a coordinated terrorist attack on the World Trade Center Complex in New York and the Pentagon in Arlington, Virginia (the "September 11th Attack").

50.      The September 11th Attack resulted in the tragic loss of several thousand lives, personal injuries to countless other persons, and property damage on a catastrophic scale, including the loss of four commercial airliners.

51.      The September 11th Attack was a direct, intended and foreseeable product of a larger conspiracy among the defendants to commit acts of international terrorism against the United States, its nationals and allies.

52.      The conspiracy among the defendants to commit acts of international terrorism against the United States, its nationals and allies, included the provision of material support and resources to defendant al Qaida and affiliated foreign states, FTOs, persons, organizations, commercial entities and other parties, as discussed above.

53.      Absent the material support and resources provided by the co-defendants, both directly and indirectly, al Qaida would not have possessed the financial resources,

physical assets, membership base, technological knowledge, communication skills, and global reach required to conceive, plan and execute the September 11th Attack.

54.     At the time of the September 11th Attack, NYMAGIC provided insurance coverage to the airline companies (the "insureds") which owned and operated the commercial airliners which were hijacked and used as weapons in the September 11th Attack.  In accordance with the terms of the applicable policies of insurance, NYMAGIC has made payments to the insureds in an aggregate amount in excess of $2,863,347.98, and expects that it will make additional payments in the future, in compensation for damages the insureds have suffered resulting from the September 11th Attack. By virtue of its payments to the insureds, NYMAGIC is subrogated to its insureds' rights of recovery against any responsible third parties.

## COUNT I
## TRESPASS

55.     NYMAGIC incorporates the previous allegations by reference.

56.     The September 11th Attack constituted an intentional and unlawful trespass upon the real and personal property of NYMAGIC'S insureds, to which NYMAGIC'S insureds did not consent.

57.     As set forth above, the September 11th Attack was a direct, intended and foreseeable product of a larger conspiracy among the defendants to commit acts of international terrorism against the United States, its nationals and allies.

58.     The conspiracy among the defendants to commit acts of international terrorism against the United States, its nationals and allies, included the provision of material support and resources to defendant al Qaida and affiliated foreign states, FTOs, persons, organizations, commercial entities and other parties.

59.     The co-defendants knew, or should have known, that their provision of material support and resources to al Qaida and affiliated foreign states, FTOs, persons, organizations, commercial entities and other parties would result in an unlawful trespass upon the real and personal property of NYMAGIC'S insureds.

60.     The damages suffered by NYMAGIC, as described in greater detail herein, were the direct and proximate result of the aforesaid trespass upon the real and personal property of NYMAGIC'S insureds.

WHEREFORE, NYMAGIC demands judgment against the defendants, jointly and severally, for an amount in excess of $2,863,347.98, treble damages pursuant to 18 U.S.C. § 2333 and 18 U.S.C. § 1964, punitive damages, pre and post-judgment interest, costs of this action, attorney's fees and such other and further relief as the Court may deem appropriate under the circumstances.

## COUNT II
## CONSPIRACY

61.     NYMAGIC incorporates the previous allegations by reference.

62.     As set forth in greater detail above, the defendants conspired to commit acts of international terrorism against the United States, its nationals and allies, which conspiracy included the provision of material support and resources to defendant al Qaida and affiliated foreign states, FTOs, persons, organizations, commercial entities and other parties.

63.     The September 11th Attack was a direct, foreseeable and intended product of the conspiracy among the defendants to commit acts of international terrorism against the United States, its nationals and allies.

64.     The damages suffered by NYMAGIC and its insureds, as described in greater detail herein, were the direct and proximate result of the aforesaid conspiracy among

the defendants to commit acts of international terrorism against the United States, its nationals and allies.

WHEREFORE, NYMAGIC demands judgment against the defendants, jointly and severally, for an amount in excess of $2,863,347.98, treble damages pursuant to 18 U.S.C. § 2333 and 18 U.S.C. § 1964, punitive damages, pre and post-judgment interest, costs of this action, attorney's fees and such other and further relief as the Court may deem appropriate under the circumstances.

<div align="center">

**COUNT III**
**18 U.S.C. § 1962(a) – CIVIL RICO**

</div>

65.      NYMAGIC incorporates the previous allegations by reference.

66.      In furtherance of their conspiracy to commit acts of international terrorism against the United States, its nationals and allies, the defendants engaged in a pattern of racketeering activity which included, without limitation: acts of murder, kidnapping, arson, robbery, and extortion; dealings in controlled substances and listed chemicals; the falsification of identification documents; the unlawful procurement, reproduction, sale and use of naturalization and citizenship papers, passports and visas; the obstruction of federal and state criminal investigations; and financial institution and mail fraud.

67.      The damages suffered by NYMAGIC and its insureds, as described in greater detail herein, were the direct and proximate result of the aforesaid pattern of racketeering activity by the defendants, acting individually and in concert with one another.

WHEREFORE, NYMAGIC demands judgment against the defendants, jointly and severally, for an amount in excess of $2,863,347.98, treble damages pursuant to 18 U.S.C. § 2333 and 18 U.S.C. § 1964, punitive damages, pre and post-judgment interest, costs of this

action, attorney's fees and such other and further relief as the Court may deem appropriate under the circumstances.

## COUNT IV
## AIDING AND ABETTING

68.     NYMAGIC incorporates the previous allegations by reference.

69.     Through the material support and resources provided to al Qaida, the codefendants aided and abetted al Qaida in its campaign to commit acts of international terrorism against the United States, its nationals, and allies.

70.     The September 11th Attack was a direct, intended and foreseeable product of the aiding and abetting of al Qaida by the co-defendants.

71.     The damages suffered by NYMAGIC and its insureds, as described in greater detail herein, were the direct and proximate result of the aforesaid aiding and abetting of al Qaida by the co-defendants, acting individually and in concert with one another.

WHEREFORE, NYMAGIC demands judgment against the defendants, jointly and severally, for an amount in excess of $2,863,347.98, treble damages pursuant to 18 U.S.C. § 2333 and 18 U.S.C. § 1964, punitive damages, pre and post-judgment interest, costs of this action, attorney's fees and such other and further relief as the Court may deem appropriate under the circumstances.

## COUNT V
## 18 U.S.C. § 2333

72.     NYMAGIC incorporates the previous allegations by reference.

73.     The September 11th Attack constitutes an act of international terrorism within the meaning of 18 U.S.C. § 2331.

74.     As a result of the September 11th Attack, NYMAGIC'S and its insureds suffered injuries to their personal property and business as described in greater detail herein.

75.     By virtue of their participation in the conspiracy to commit acts of international terrorism against the United States, its nationals and allies, including the September 11th Attack, the defendants are liable to NYMAGIC for threefold all damages resulting from the September 11th Attack, costs of this suit and attorney's fees, pursuant to 18 U.S.C. § 2333.

WHEREFORE, NYMAGIC demands judgment against the defendants, jointly and severally, for an amount in excess of $2,863,347.98, treble damages pursuant to 18 U.S.C. § 2333 and 18 U.S.C. § 1964, punitive damages, pre and post-judgment interest, costs of this action and such other and further relief as the Court may deem appropriate under the circumstances.

## COUNT VI
## NEGLIGENCE

76.     NYMAGIC incorporates the previous allegations by reference.

77.     As set forth above, the September 11th Attack was a direct, intended and foreseeable product of a larger conspiracy among the defendants to commit acts of international terrorism against the United States, its nationals and allies.

78.     The conspiracy among the defendants to commit acts of international terrorism against the United States, its nationals and allies, included the provision of material support and resources to defendant al Qaida and affiliated foreign states, FTOs, persons, organizations, commercial entities and other parties.

79.     By virtue of their participation in the conspiracy to commit acts of international terrorism against the United States, its nationals and allies, including the

September 11th Attack, the defendants negligently, intentionally, recklessly, willfully and wantonly breached duties of care owed to NYMAGIC and NYMAGIC'S insureds.

80.     The damages suffered by NYMAGIC and its insureds, as described in greater detail herein, were the direct and proximate result of the aforesaid breaches of care by the defendants.

WHEREFORE, NYMAGIC demands judgment against the defendants, jointly and severally, for an amount to be proved at trial but of $2,863,347.98, treble damages pursuant to 18 U.S.C. § 2333 and 18 U.S.C. § 1964, punitive damages, pre and post-judgment interest, costs of this action, attorney's fees and such other and further relief as the Court may deem appropriate under the circumstances.

## COUNT VII
## PUNITIVE DAMAGES

81.     NYMAGIC incorporates the previous allegations by reference.

82.     The defendants' actions in furtherance of the conspiracy to commit acts of international terrorism against the United States, its nationals and allies, were intentional, malicious, willful, unconscionable and reckless.

83.     By virtue of their intentional, willful, unconscionable and reckless actions, defendants are jointly and severally liable to NYMAGIC for punitive damages.

WHEREFORE, NYMAGIC demands judgment against the defendants, jointly and severally, for punitive damages in an amount in excess of $1,000,000,000.

## JURY DEMAND

NYMAGIC demands a trial by jury as to all claims so triable.

WHEREFORE, NYMAGIC demands judgment against all defendants, jointly and severally, for an amount to be proved at trail in excess of $2,863,347.98, treble damages

pursuant to 18 U.S.C. § 2333, and 18 U.S.C. § 1964, punitive damages of $1,000,000,000, pre

and post-judgment interest, cost of this action, attorneys fees and such other further and

different relief as the Court may deem appropriate under the circumstances.

<div style="margin-left:40%">

BROWN GAVALAS & FROMM LLP
Attorneys for Plaintiff
NEW YORK MARINE AND GENERAL
INSURANCE COMPANY


BY:S/_____
ROBERT J. BROWN, ESQ. (RB-9131)
DAVID H. FROMM, ESQ. (DH-9334)
FRANK J. RUBINO, ESQ. (FR-6202)
355 Lexington Avenue, 9th Floor
New York, NY 10017
212-983-8500

</div>

C:\Documents and Settings\avg\My Documents\460.1250\NYMAGIC.complaint.doc