UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | **Civil Action No. 03 MDL 1570 (RCC)** |

This document relates to:

Kathleen Ashton, et al. v. Al Qaeda Islamic Army, et al., 02-CV-6977;
Burnett, et al. v. Al Baraka Inv. & Dev. Corp., et al., 03-CV-5738;
Thomas E. Burnett, Sr., et al. v. Al Baraka Inv. & Dev. Corp., et al., 03-CV-9849;
Cantor Fitzgerald & Co., et al. v. Akida Bank Private Ltd., et al., 04-CV-7065;
Continental Casualty Co., et al. v. Al Qaeda, et al., 04-CV-5970;
Euro Brokers, Inc., et al. v. Al Baraka Inv. & Dev. Corp., et al., 04-CV-07279;
Federal Ins. Co., et al. v. Al Qaida, et al., 03-CV-6978;
New York Marine and General Ins. Co. v. Al Qaida, et al., 04-CV-6105;
Estate of John P. O'Neill, Sr., et al. v. Kingdom of Saudi Arabia, et al., 04-1922;
Pacific Employers Ins. Co., et al. v. Kingdom of Saudi Arabia, et al., 04-CV-7216;
Walter Tremsky, et al. v. Osama Bin Laden, et al., 02-CV-7300;
Vigilant Ins. Co., et al. v. Kingdom of Saudi Arabia, et al., 03-CV-8591;
World Trade Center Prop. LLC, et al. v. Al Baraka Inv. and Dev. Corp., et al., 04-CV-07280.

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE FSIA DEFENDANTS FOR ENTRY OF FINAL JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(B)**

The Kingdom of Saudi Arabia, HRH Crown Prince Sultan bin Abdulaziz Al-Saud ("Crown Prince Sultan"),[1] HRH Prince Naif bin Abdulaziz Al-Saud ("Prince Naif"), HRH Prince Salman bin Abdulaziz Al-Saud ("Prince Salman"), HRH Prince Turki Al-Faisal bin Abdulaziz Al-Saud ("Prince Turki"), and the Saudi High Commission (collectively, "the FSIA defendants") hereby move for the entry of Rule 54(b) final judgments of dismissal.

The Second Circuit has made clear that Rule 54(b) final judgments are particularly appropriate in cases involving determinations under the Foreign Sovereign Immunities Act

[1] Crown Prince Sultan became Crown Prince following King Fahd bin Abdulaziz's death in August, 2005.

("FSIA"), where immunity is not just from liability, but also from "'the attendant burdens of litigation.'" Rein v. Socialist People's Libyan Arab Jamahiriya, 162 F.3d 748, 756 (2d Cir. 1998) (quoting Foremost-McKesson, Inc. v. Islamic Republic of Iran, 905 F.2d 438, 443 (D.C. Cir. 1990)). Delaying appellate review of these claims would effectively deprive the FSIA defendants of the immunity to which they are entitled by forcing them to continue actively monitoring a case from which they have been properly dismissed. It would leave them indefinitely in a sort of limbo status, despite repeated injunctions that claims of immunity should be completely and finally resolved as early as possible. See Robinson v. Government of Malaysia, 269 F.3d 133, 141 (2d Cir. 2001); Rein, 162 F.3d at 755-56.

The plaintiffs have already themselves moved for entry of Rule 54(b) final judgments for the three FSIA defendants dismissed in the Court's January 18, 2005 Order. The other three FSIA defendants dismissed in the Court's September 21, 2005 Order warrant the same treatment.

**Background**

1. On January 18, 2005, the Court entered an Order dismissing a number of cases against the Kingdom of Saudi Arabia, as well as Crown Prince Sultan and Prince Turki in their official capacities, for lack of subject matter jurisdiction under the FSIA, 28 U.S.C. § 1602 et seq.[2] See Jan. 18, 2005 Order at 61-62. On May 5, 2005, the Court entered an order dismissing the remaining actions against the Kingdom of Saudi Arabia, Crown Prince Sultan, and Prince Turki, noting: "The parties agree and the Court finds that the allegations and evidence presented against these Defendants in the cases still pending against them do not materially differ from the allegations and evidence presented in the cases already dismissed." May 5, 2005 Order at 3.

[2] The Order also dismissed claims against Crown Prince Sultan and Prince Turki in their personal capacities, for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).

Following the Court's May 5, 2005 Order, the plaintiffs moved that Rule 54(b) final judgments be entered as to, inter alia, the three dismissed FSIA defendants. The plaintiffs explained that "dismissals based on immunity and lack of subject matter jurisdiction have been routinely certified for judgment under Rule 54(b) as being sufficiently final." Pls. Mem. of Law at 11 (May 20, 2005) (citing Second Circuit cases). The Kingdom of Saudi Arabia, Crown Prince Sultan, and Prince Turki filed in support of that motion.

2. On September 21, 2005, the Court entered an Order dismissing claims against Prince Naif and Prince Salman in their official capacities and the Saudi High Commission for lack of subject matter jurisdiction under the FSIA.[3] That order dismissed claims in Ashton v. Al Qaeda Islamic Army, 02-CV-6977; Burnett v. Al Baraka Investment & Development, 03-CV-9849; and Federal Insurance Co. v. Al Qaida, 03-CV-6978. It also dismissed claims in Barrera v. Al Qaeda Islamic Army, 03-CV-7036, which had been consolidated with Ashton, and Salvo v. Al Qaeda Islamic Army, 03-CV-5071, which had been consolidated with Burnett.

Prince Naif, Prince Salman, and the Saudi High Commission are also named as defendants in cases still pending in the consolidated action before the Court.[4] As with the remaining cases against the Kingdom of Saudi Arabia, Crown Prince Sultan, and Prince Turki, however, "the allegations and evidence presented against these Defendants in the cases still pending against them do not materially differ from the allegations and evidence presented in the

[3] The Order also dismissed claims against Prince Naif and Prince Salman in their personal capacities, for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).

[4] Claims remain pending against Prince Naif, Prince Salman and the Saudi High Commission in Burnett v. Al Baraka ("New York Burnett"), 03-CV-5738; Cantor Fitzgerald v. Akida Bank, 04-CV-7065; Continental Casualty v. Al Qaeda Islamic Army, 04-CV-5970; Euro Brokers v. Al Baraka, 04-CV-7279; New York Marine & General Insurance Co. v. Al Qaida, 04-CV-6105; and World Trade Center Properties, LLC v. Al Baraka, 04-CV-7280.

cases already dismissed."[5] May 5, 2005 Order at 3. Indeed, in two of the remaining cases, Cantor Fitzgerald v. Akida Bank, 04-CV-7065, and Continental Casualty Co. v. Al Qaeda, 04-CV-5970, the parties have already stipulated that they will be bound by the Court's September 21, 2005 Order and any ruling on appeal from that order. Prince Naif and Prince Salman have entered into similar stipulations with the New York Marine and General Insurance Co. v. Al Qaida, 04-CV-6105, plaintiff. In the three remaining cases, New York Burnett, Euro Brokers, and World Trade Center Properties, the plaintiffs have not even bothered to attempt to serve Prince Naif or Prince Salman. Similarly, the Saudi High Commission has not been served by the plaintiffs in New York Burnett, NY Marine, Euro Brokers, or World Trade Center Properties.

**Argument**

**A. Entry Of Final Judgment Under Rule 54(b) Is Appropriate For The FSIA Defendants**

Under Federal Rule of Civil Procedure 54(b), where a suit involves multiple claims or parties, the Court may direct the entry of final judgment with respect to one or more of the parties or claims if the Court makes "an express determination that there is no just reason for delay." Fed. R. Civ. P. 54(b); see Information Re., Inc. v. Dun & Bradstreet Corp., 294 F.3d 447, 451 (2d Cir. 2002). The determination whether and when a Rule 54(b) judgment is appropriate is left to the "sound discretion" of the district court. Curtis-Wright Corp. v. General Elec. Co., 446 U.S. 1, 8 (1980). In exercising that discretion, this Court should consider whether

[5] See New York Burnett, First Amended Complaint ¶¶ 379-382 (Prince Naif), ¶¶ 392-408 (Prince Salman and the Saudi High Commission); Cantor Fitzgerald, First Amended Complaint ¶¶ 142-148, 204-206; Continental Casualty, Second Amended Complaint ¶¶ 283-285 (Prince Naif), ¶¶ 292-306 (Prince Salman and the Saudi High Commission); Euro Brokers ¶¶ 128-133; NY Marine, Second Amended Complaint ¶¶ 159-168 (Saudi High Commission), ¶¶ 410-417 (Prince Naif), ¶¶ 427-437 (Prince Salman); World Trade Center Properties, First Amended Complaint, ¶¶ 715-718 (Prince Naif), ¶¶ 728-744 (Prince Salman and the Saudi High Commission).

"'there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal,'" Advanced Magnetics, Inc. v. Bayfront Partners, Inc., 106 F.3d 11, 16 (2d Cir. 1997) (quoting Cullen v. Margiotta, 811 F.2d 698, 711 (2d Cir. 1987)); see Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d 236, 240 (2d Cir. 2002), and whether certification would promote judicial administrative interests, see Ginett v. Computer Task Group, Inc., 962 F.2d 1085, 1096 (2d Cir. 1992).

Certification is proper in this case as to the FSIA defendants. Any delay in entering final judgment would cause substantial hardship to those defendants. As the Second Circuit has stressed, sovereign immunity under the FSIA is immunity not just from liability, but also from "the attendant burdens of litigation." Rein, 162 F.3d at 756. To ensure that litigants benefit from the immunity to which they are entitled, claims of immunity should be completely and finally resolved as early as possible. See Robinson, 269 F.3d at 141; Rein, 162 F.3d at 755-56. Accordingly, dismissals based on sovereign immunity are regularly certified under Rule 54(b). See, e.g., Smith v. Socialist People's Libyan Arab Jamahiriya, 101 F.3d 239, 241 (2d Cir. 1996) (affirming judgment entered under Rule 54(b) dismissing claims as barred by foreign sovereign immunity); Ministry of Supply, Cairo v. Universe Tankships, Inc., 708 F.2d 80, 83 (2d Cir. 1983) (Friendly, J.) (same); Hunt v. Mobil Oil Corp., 550 F.2d 68, 70 (2d Cir. 1977) (affirming entry of Rule 54(b) judgment dismissing claim as barred under act of state doctrine).

Deferring the entry of final judgment on the dismissed claims until after the resolution of the claims still pending would effectively deprive the FSIA defendants of their immunity by forcing them to continue actively monitoring a case from which they have been properly dismissed to ensure that their interests are fully protected. The proper course is to certify as final

the orders dismissing the claims against the FSIA defendants to permit prompt appellate review and to give these defendants the finality that the FSIA promises them.

Certification of the orders dismissing these claims is also in the interest of sound judicial administration and will not result in unnecessary appellate review. As this Court has recognized, sovereign immunity under the FSIA is a "threshold" jurisdictional issue. Jan. 18, 2005 Order at 4 (quoting Verlinden B.V. v. Central Bank of Nigeria, 461 U.S. 480, 493-94 (1983)); accord Filetech S.A. v. France Telecom S.A., 157 F.3d 922, 930 (2d Cir. 1998). Accordingly, the final resolution of the claims dismissed on sovereign immunity grounds will not depend on what happens in the remaining claims.

Nor will certification cause multiple appeals presenting the same issue. To the contrary, immediate appeal will resolve once and for all the key legal issues underlying these dismissals. By contrast, refusing to certify the dismissed claims as final runs the risk of duplicative litigation in the event that the dismissal of the claims is later reversed on appeal following the resolution of the remaining claims. See Smith, 291 F.3d at 240; Hunt, 550 F.2d at 70. There is therefore no just reason to delay the entry of final judgment for these claims.

### B. The Remaining Cases Against Prince Naif, Prince Salman, and the Saudi High Commission Pose No Bar to the Entry of Final Judgments with Respect to Those Defendants

As noted above, on May 5, 2005, this Court dismissed the remaining claims against the Kingdom of Saudi Arabia, Crown Prince Sultan, and Prince Turki, finding the allegations and evidence supporting those cases to be materially indistinguishable from the allegations and evidence presented in the cases dismissed on January 18, 2005. Since plaintiffs have themselves supported the entry of Rule 54(b) final judgments with respect to these three defendants, there is no obstacle to their being granted.

There are some cases still pending against Prince Naif, Prince Salman, and the Saudi High Commission. But those cases should not be an impediment to the grant of Rule 54(b) final judgments for those defendants in the cases dismissed in the Court's September 21, 2005 Order. As Rule 54(b) itself explains, a final judgment may be granted "as to one or more but fewer than all of the claims or parties." Rule 54(b) judgments should be granted in the cases dismissed as to them in the Court's September 21, 2005 Order.

Prince Naif, Prince Salman, and the Saudi High Commission have filed a separate, contemporaneous motion to dismiss all the remaining cases against them. In that motion, they have asked the Court to enter a Rule 54(b) judgment with respect to several complaints that the plaintiffs never bothered even to attempt to serve.[6] As for the other remaining cases which Prince Naif, Prince Salman, and the SHC have asked the Court to dismiss, those plaintiffs have agreed that, because their complaints do not allege facts or evidence sufficiently different from those rejected by the Court in its September 21, 2005 Order, they will be bound by any appellate decision with respect to the September 21, 2005 Order.[7]

Accordingly, the remaining cases against Prince Naif, Prince Salman, and the SHC pose no bar to the entry of Rule 54(b) judgments for the cases dismissed in the Court's September 21, 2005 Order.

---

[6] These unserved complaints include: (i) as to Prince Naif and Prince Salman, the New York Burnett, Euro Brokers, and World Trade Center Properties complaints, and (ii) as to the Saudi High Commission, the New York Burnett, Euro Brokers, NY Marine, and World Trade Center Properties complaints.

[7] These remaining cases include: (i) as to Prince Naif and Prince Salman, the Cantor Fitzgerald, Continental Casualty, and NY Marine cases, and (ii) as to the Saudi High Commission, the Cantor Fitzgerald and Continental Casualty cases.

## Conclusion

For the foregoing reasons, the Court should direct the entry under Rule 54(b) of final judgments for the FSIA defendants. A proposed order is attached to this motion.

Respectfully submitted,

KELLOGG, HUBER, HANSEN,
TODD, EVANS & FIGEL, P.L.L.C.

/s/
Mark C. Hansen (admitted *pro hac vice*)
Michael K. Kellogg (admitted *pro hac vice*)
J.C. Rozendaal (admitted *pro hac vice*)

Sumner Square
1615 M Street, N.W.
Suite 400
Washington, D.C. 20036-3209
(202) 326-7900

*Attorneys for Prince Turki Al Faisal bin Abdulaziz Al-Saud and the Kingdom of Saudi Arabia*

ROBBINS, RUSSELL, ENGLERT,
ORSECK & UNTEREINER LLP

/s/
Lawrence S. Robbins (admitted *pro hac vice*)

1801 K. Street, N.W.
Suite 411
Washington, D.C. 20009
(202) 775-4500

*Attorney for the Saudi High Commission*

BAKER BOTTS, LLP

/s/

William H. Jeffress, Jr. (admitted *pro hac vice*)
Christopher R. Cooper (admitted *pro hac vice*)
Jamie S. Kilberg (admitted *pro hac vice*)
Sara E. Kopf (admitted *pro hac vice*)

1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 639-7700

*Attorneys for Prince Salman bin Abdulaziz Al-Saud and Crown Prince Sultan bin Abdulaziz Al-Saud*

BRYAN CAVE, LLP

/s/

James M. Cole (admitted *pro hac vice*)
James J. Murphy (admitted *pro hac vice*)
Michael G. Biggers (admitted *pro hac vice*)

700 13th Street, N.W.
Washington, D.C. 20005
(202) 508 6091

*Attorneys for Prince Naif bin Abdulaziz Al-Saud*

November 30, 2005